UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LISA A. GASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:21-cv-00434 |
| ) | |
| GOLDSHIELD FIBERGLASS, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

COMES NOW Lisa A. Gase ("Gase"), by counsel, for her causes of action against the Defendant Goldshield Fiberglass, Inc. ("Goldshield"), states and alleges as follows:

## I.     INTRODUCTION

1.     This is an action by Gase against Goldshield for adverse employment related actions including a termination from employment at Goldshield because Gase suffered three work-related injuries beginning on or about June 2018 which caused her to be placed on restrictions until December of 2019.

Gase is a qualified forty-one (41) year old individual who worked as a Production employee in the Material Department for Goldshield since on or about January 3, 2011. In June of 2018, Gase suffered three work-related injuries over a period of time and was placed on restrictions until December of 2019. During this time, several members of management made statements to Gase such as "why don't you look for a new job, it would be better for your injury." Gase assured management that she was able to perform her job duties. In March of 2020, Gase was laid off due to a reduction in force caused by the COVID-19 pandemic. In June of 2020, Goldshield's Human Resources Representative, Maria, informed Gase that she would be getting a call back to work in

two (2) weeks. In July of 2020, Gase was, again, informed by her Supervisor, Tammy Nickels ("Nickels"), that Maria would be calling employees back to work. An hour later after being told this, Gase's employment was terminated.

For these reasons, Gase believes she has been discriminated against and retaliated against because she suffered work-related injuries and was perceived as being an individual with a disability.

## II.   PARTIES

2. At all times relevant hereto, Gase was an individual citizen and resident of Decatur, Adams County, Indiana.

3. Goldshield is a corporation organized and existing under and by virtue of the laws of the State of Indiana with its principal place of business located at 2004 Patterson Street, P.O. Box 496, Decatur, Indiana 46733.

## III.   JURISDICTION

4. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 because these actions arise out of statutes of the United States of America, specifically the Americans with Disabilities Act, ("ADA"), 42 U.S.C. 126 § 12101, et seq. Gase is also asserting a state law of Frampton claim contending that she was retaliated against for exercising her right to Worker's Compensation benefits with respect to her work-related injuries, and is asking the Court to exercise supplemental jurisdiction over these claims.

## IV.   FACTS

5. Gase incorporates by reference paragraphs 1 – 4 of her Complaint as if same were fully set forth herein.

6. Gase began working for Goldshield on or about January 3, 2011 as a Production employee in the Material Department of Goldshield at its facility in Decatur, Indiana.

7. On or about June 2018, Gase suffered three work-related injuries over a period of time and was placed on restrictions until on or about December of 2019. During this time, several members of Goldshield management stated to her "why don't you look for a new job, it would be better for your injury." Gase responded by assuring management that she was able to perform her job duties.

8. In March of 2020, Gase was laid off allegedly due to the COVID-19 pandemic.

9. In June of 2020, Gase was informed by Maria with Goldshield's Human Resources Department that she would be getting called back to work in two (2) weeks.

10. In July of 2020, Gase was informed by her Supervisor, Tammy Nickels ("Nickels"), that Maria would be calling employees. An hour after being told that she was going to be recalled, Gase's employment was terminated.

11. On or about January 7, 2021, Gase filed a Charge of Discrimination with the City of Fort Wayne Metropolitan Human Relations Commission and the Equal Employment Opportunity Commission asserting claims of age and disability discrimination.

12. In response to her claims of age and disability discrimination, Goldshield submitted a position statement asserting, among other things, that its decisions on who would be included in reduction in force were based on legitimate, non-discriminatory factors which included skills, performance, tenure with the company, and attendance. Gase contends these factors Goldshield claimed they used for choosing her for the reduction in force are false, as Gase had ten (10) plus years seniority, was trained in multiple areas, had better attendance than most, and was replaced by another employee in six (6) months' time who had no other skills with

Goldshield. Gase further asserts she was more qualified than many of Goldshield's current employees.

13. After terminating Gase for the alleged reason of a reduction in force, Goldshield began hiring new employees on or about a week of letting Gase go and would not allow for her to return to work with no reason other than her injuries. Goldshield has since rehired multiple people with less time, skills, and worst attendance records than Gase had.

### V. STATEMENT OF CLAIMS

#### COUNT I – Discrimination under the Americans with Disabilities Act

COMES NOW the Plaintiff, Lisa A. Gase ("Gase"), and, in the alternative, pleads as follows:

14. Gase incorporates by reference paragraphs 1 – 13 of her Complaint as if same were fully set forth herein.

15. Gase has been discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C. 126 § 12101, et seq., ("ADA"), by Goldshield who failed to accommodate Gase's disability, engage in the interactive process to accommodate her disabilities, and/or is being perceived by Goldshield as disabled when she in fact is not.

#### COUNT II – State Law Frampton Claim

16. Gase incorporates by reference paragraphs 1 – 15 of her Complaint as if same were fully set forth herein.

17. Goldshield has unlawfully discriminated against and retaliated against Gase because she exercised rights protected to her under Indiana law, i.e. the right to engage in reporting a worker's compensation injury and not be retaliated against for same.

18. As a direct result of the unlawful layoff and termination of Gase, she has suffered damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lisa A. Gase, respectfully requests that the Court grants judgment in her favor and for the following relief:

a) back pay and lost benefits;

b) front pay and front benefits;

c) compensatory damages;

d) punitive damages for the ADA violation;

e) attorney's fees and costs of this action; and

f) all other relief appropriate under these circumstances.

## JURY DEMAND

Plaintiff, Lisa A. Gase, hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

*THEISEN & ASSOCIATES, LLC*

/s/ John C. Theisen
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*